RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ALAN DEAN | CIVIL ACTION NO. 10-385 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BAKER HUGHES, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court are a Motion for Summary Judgment [Doc. No. 33] filed by Defendant EnCana Oil & Gas (USA) Inc. ("EnCana") and a Motion for Summary Judgment [Doc. No. 37] filed by Defendants Baker Hughes, Inc., Baker Hughes Oilfield Operations, Inc., and Gary Martin (collectively "Baker Hughes"). For the following reasons, the motions are GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an injury Plaintiff Alan Dean allegedly sustained while attempting to unload barite (a drilling fluid used in oil and gas exploratory wells) at a well site in Red River Parish, Louisiana.

On September 17, 2003, EnCana entered into a "Master Service Agreement" with Baker Hughes, which, among other things, governed work performed by Baker Hughes on behalf of EnCana on natural gas wells in Louisiana. *See* [Doc. No. 33-5]. The Master Service Agreement states:

> [T]he employees of [Baker Hughes] or its Subcontractors, whether direct [or] statutory, are therefore statutory employees of EnCana in accordance with the Louisiana Workers' Compensation Act. It is agreed that any compensation payments due to [Baker Hughes'] Employees under the Louisiana Workers' Compensation Act shall be paid solely by [Baker Hughes] or its insurers without any right of contribution, statutory or otherwise, from EnCana.

*Id.*

On April 1, 2007, Baker Hughes entered into a contract ("Baker Hughes-Paragon contract") with Paragon Transportation Services, LLC ("Paragon") in which Paragon agreed to store, transport, and unload drilling products to Baker Hughes' customers. *See* [Doc. No. 33-6]. The Baker Hughes-Paragon contract states that "all persons employed by [Paragon] in its operations contemplated under this Agreement are not, and shall never be considered for any purpose to be, employees of [Baker Hughes]." *Id.*

On January 15, 2008, EnCana entered into an operating agreement ("EnCana-SWEPI contract") with SWEPI, LP ("SWEPI") in which EnCana agreed to drill and develop the Joseph T. Bolan Well 26H#1 ("the Well") in Red River Parish. *See* [Doc. No. 33-4].

On February 26, 2009, Baker Hughes submitted an offer ("EnCana-Baker Hughes contract") to EnCana "to provide drilling fluid services, including the delivery of [barite] . . . to [the Well]." [Doc. No. 37-3]. The offer provided that "such products and services would be provided in accordance with the terms and conditions of [the] master service agreement between Encana . . . and Baker Hughes . . . dated September 17, 2003." *Id.* Sometime thereafter, EnCana accepted the offer.[1] *Id.*

On March 29, 2009, an employee of Baker Hughes, Gary Martin, requested that Paragon transport a load of barite to the Well. Plaintiff was an employee of Paragon and transported barite to the Well site. However, while preparing to unload barite at the Well, Plaintiff removed or

---

[1] In sum, Baker Hughes entered into a contract with Paragon to store, transport, and unload drilling products. EnCana then entered into a contract with SWEPI to drill and develop the Well. Baker Hughes then entered into a contract with EnCana to deliver barite to the Well site.

2

attempted to remove a pressure cap from a tank owned by Baker Hughes or an affiliated company and was injured.

After the accident, Plaintiff received workers' compensation benefits from Paragon's workers' compensation insurer.

On March 10, 2010, Plaintiff filed suit against EnCana and Baker Hughes. Baker Hughes then filed a third party complaint against Paragon, EnCana filed a cross claim against Baker Hughes, and Paragon filed a third party complaint against National American Insurance Company ("NAIC").

Thereafter, EnCana and Baker Hughes filed Motions for Summary Judgment. [Doc. Nos. 33 & 37]. Plaintiff filed Responses [Doc. Nos. 40 & 42], and EnCana and Baker Hughes filed Replies. [Doc. Nos. 45 & 47].

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party

3

to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Tort Immunity

Defendants assert that they are immune from tort liability in this case based on their status as statutory employers pursuant to Louisiana's Workers' Compensation Act, LA. REV. STAT. § 23:1021, *et seq.* Specifically, Baker Hughes asserts that it is immune from tort liability pursuant to § 23:1061(A)(2), and EnCana asserts that it is immune from tort liability pursuant to both § 23:1061(A)(2) and (3).

"Except for intentional acts, workers' compensation is the exclusive remedy for work-related injuries and illnesses." *Dugan v. Waste Mgmt., Inc.*, 45-407-CA (La. App. 2 Cir. 6/23/10); 41 So.3d 1263, 1266 (citing § 23:1032). The exclusive remedy provision of the workers' compensation statute precludes an employee from filing a lawsuit for damages against "his employer[] or any principal . . . or employee of such employer or principal." § 23:1032(A)(1). A "principal" is "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." § 23:1032(A)(2). "In some instances, an employer may be deemed the statutory employer of a worker that it does not directly employ" and is therefore immune from tort liability pursuant to § 23:1061(A). *Dugan*, 41 So.3d at 1266. Section 23:1061(A)

states, in pertinent part:

> (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any 'principal' . . . undertakes to execute any work, which is part of his trade, business, or occupation and contracts with any person, in this Section referred to as the 'contractor,' for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of [§ 23:1032] . . . . [W]here compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer . . . .
>
> (2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
>
> (3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

"In sum, there are two bases for finding statutory employment: (1) [pursuant to § 23:1061(A)(2)], being a principal in the middle of two contracts, referred to as the 'two contract theory,' or, (2) [pursuant to § 23:1061(A)(3)], the existence of a written contract recognizing the principal as the statutory employer." *Dugan*, 41 So.3d at 1266-67. "The 'two contract' defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed." *Id.*

5

at 1267 (citations omitted). "Thus, the 'two contract' statutory employer defense contemplates relationships among at least three entities: a general contractor who has been hired by a third party to perform a specific task, a subcontractor hired by that general contractor, and an employee of the subcontractor." *Id.* (citations omitted). There is "no temporal requirement on the 'two contract defense.'" *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 2002-C-1072 (La. 4/9/03); 842 So.2d 373, 381.

First, Baker Hughes is immune from tort liability in this case. Baker Hughes is a principal within the meaning of § 23:1032 because it contracted with Paragon to transport and unload drilling products to Baker Hughes' customers, including EnCana. Baker Hughes provides products and services for drilling oil and gas wells, and, therefore, transporting and unloading drilling fluid at a well site is part of its trade, business, or occupation. Baker Hughes is a statutory employer of Plaintiff under the two-contract theory of § 23:1061(A)(2) because "(1) the principal [Baker Hughes] enter[ed] into a contract with a third party [EnCana]; (2) pursuant to that contract, work must be performed; and (3) in order for [Baker Hughes] to fulfill its contractual obligation to perform the work, [Baker Hughes] enter[ed] into a subcontract [with Paragon] for all or part of the work performed." *Dugan*, 41 So.3d at 1267. As a statutory employer of Plaintiff, Baker Hughes is granted the exclusive remedy protections of § 23:1032 and is immune from tort liability in this case.

Second, because Baker Hughes is immune from tort liability in this case, and Gary Martin is an employee of Baker Hughes, Martin is also immune from tort liability in this case. *See* § 23:1032(A)(1)(a); *Calais v. Exxon Pipeline Co.*, 430 So.2d 321, 324 (La. App. 3 Cir. 1983) ("[A] statutory co-employee[] is entitled to avail himself of the exclusive remedy provision of R.S. 23:1032.").

Finally, EnCana is also immune from tort liability in this case. EnCana is a principal within the meaning of § 23:1032 because EnCana contracted with Baker Hughes to provide drilling fluid services at the Well site. EnCana is a natural gas producer, and, therefore, uses drilling fluid to find and produce natural gas. There is a rebuttable presumption that EnCana is a statutory employer of Plaintiff within the meaning of § 23:1061(A)(3) because "there is a written contract between the principal [EnCana] and a contractor [Baker Hughes] which is the employee's immediate employer or his statutory employer [Baker Hughes], which recognizes [EnCana] as a statutory employer."[2] Plaintiff does not attempt to rebut this presumption. However, even if it did, EnCana is also a statutory employer of Plaintiff pursuant to § 23:1061(A)(2) because "(1) the principal [EnCana] enter[ed] into a contract with a third party [SWEPI]; (2) pursuant to that contract, work must be performed; and (3) in order for [EnCana] to fulfill its contractual obligation to perform the work, [EnCana] enter[ed] into a subcontract [with Baker Hughes] for all or part of the work performed." *Dugan*, 41 So.3d at 1267. Therefore, because EnCana is a statutory employer of Plaintiff within the meaning of § 23:1061(A)(2) and (3), it is granted the exclusive remedy protections of § 23:1032 and is immune from tort liability in this case.

Plaintiff argues that he did not execute any work undertaken by Baker Hughes or EnCana because he "was simply dropping off material to the job site at the request of Baker Hughes." [Doc. No. 42]. The Court is not persuaded. One of Baker Hughes' obligations under the EnCana-Baker Hughes contract was to provide drilling fluid services to the Well site. Without the delivery of Barite to the Well site, Baker Hughes would not be able to fulfill its contractual duties owed to EnCana.

---

[2]The EnCana-Baker Hughes contract states, in pertinent part, that "the employees of [Baker Hughes] or its Subcontractors, whether direct [or] statutory, are . . . statutory employees of EnCana in accordance with the Louisiana Workers' Compensation Act." [Doc. No. 33-5].

Similarly, EnCana was obligated to drill an exploratory well pursuant to the EnCana-SWEPI contract. Without the delivery of Barite to the Well site, EnCana would not be able to fulfill its contractual duties owed to SWEPI.

Plaintiff also argues that the Baker Hughes-Paragon contract "clearly does not contemplate any other contracts or any particular projects or jobs," evidenced by the Baker Hughes-Paragon contract itself and the fact that the Baker Hughes-Paragon contract "preceded the [EnCana-Baker Hughes contract] by approximately two years." [Doc. No. 42]. However, Plaintiff does not cite an authority for or explain why this argument is relevant to whether Defendants are immune from tort liability in this case. Regardless, even if relevant, the Baker-Hughes-Paragon contract states that Baker Hughes "manufactures and sells oilfield chemicals and related products and supplies (the 'Stock')" and "engage[s] in the management and maintenance of [Baker Hughes] Stock and equipment . . . and the distribution of the Stock for the consumption by the petroleum industry in exploratory or developmental operations." [Doc. No. 33-6, p. 4]. The Baker Hughes-Paragon contract clearly contemplates that Paragon could be required to deliver drilling fluid to a well site.

### C. Waiver and Estoppel

Plaintiff contends that Defendants have waived their rights to or are otherwise estopped from claiming tort immunity in this case. Plaintiff notes that the Baker Hughes-Paragon contract states that "all persons employed by [Paragon] in its operations contemplated under this Agreement are not, and shall never be considered for any purpose to be, employees of [Baker Hughes]." [Doc. No. 33-6]. Plaintiff also notes that the EnCana-Baker Hughes contract states that "any compensation due to [Baker Hughes] employees under the Louisiana Workers' Compensation Act shall be paid solely by [Baker Hughes] or its insurers without any right of contribution, statutory or otherwise, from

Encana." [Doc. No. 33-5].

Plaintiff cites *Prejean v. Maint. Enter., Inc.*, for the proposition that Defendants have waived their rights to or are otherwise estopped from claiming tort immunity in this case. No. 2008-C-0364 (La. App. 4 Cir. 3/25/09); 8 So.3d 766. In *Prejean*, Louisiana's Fourth Circuit Court of Appeal invalidated an article of a contract because the article provided that the principal would be liable to pay workers' compensation benefits only if the injured worker's immediate employer were unable to meet its obligations. *Id.* at 776. The court held that "[b]ecause [the principal] did not accept unconditionally, implicitly or explicitly, the *obligation* of a statutory employer, it cannot obtain the *benefit* of a statutory employer, which is tort immunity." *Id.* The court noted, however, that the statutory and direct employers were not precluded "from contracting as between themselves rights of contribution or indemnification." *Id.* (citing § 23:1033).

First, the Court notes that *Prejean* does not address arguments based on waiver or estoppel. Regardless, Defendants have not waived their rights to claim tort immunity and are not otherwise equitably estopped in this case. Section 23:1033 provides that "[n]o contract, rule, regulation or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by [the Workers Compensation Act] except as herein provided." Thus, Defendants cannot waive their status as statutory employers. *Maddox v. Baker Oil Tools, Inc.*, 774 F. Supp. 419, 423 (E.D. La. 1991) ("[W]hatever the facts [a litigant] may allege and prove at trial in support of waiver, would be 'immaterial.'"). Furthermore, one of the hallmarks of estoppel is detrimental reliance, and Plaintiff has shown neither reliance nor a change of position to his detriment. The Court, therefore, declines to use its "magic wand of equity" as Plaintiff requests. [Doc. No. 40, p. 7] (citing *United States ex rel. Bernard Lumber Co. v. Lanier-Gervais Corp.*, 896 F.2d 162, 168 (5th Cir. 1990)

(citations omitted)).

Second, *Prejean* is distinguishable.[3] In *Prejean*, a principal sought tort immunity pursuant to § 23:1061(A)(3). In this case, EnCana and Baker Hughes seek tort immunity pursuant to § 23:1061(A)(2) which does not require language in a contract that recognizes the principal as a statutory employer. Regardless whether the Court invalidated the provisions at issue in the contracts, Defendants would still be statutory employers pursuant to § 23:1061(A)(2) and, thus, immune from tort liability in this case.

Defendants' Motions for Summary Judgment are GRANTED.

### D. Remaining Claims

After this Ruling, EnCana's cross claim against Baker Hughes for contractual defense and indemnity, Baker Hughes' third party claim against Paragon for contractual defense and indemnity, and Paragon's third party claim against NAIC for contractual defense and indemnity remain pending in this case. EnCana, Baker Hughes, Paragon, and NAIC are ordered to file a joint status report by January 17, 2011, indicating the status of any remaining claims and whether those claims should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions for Summary Judgment [Doc. Nos. 33 & 37]

---

[3]To the extent indistinguishable, the Court is not bound by decisions from Louisiana appellate courts. *Chevron USA, Inc. v. Vermilion Parish Sch. Bd.*, 377 F.3d 459, 462 (5th Cir. 2004) (citation omitted) ("[A]lthough we may be guided by decisions rendered by the Louisiana appellate courts, we are not strictly bound by them, particularly when the jurisprudence has not developed to the status of *jurisprudence constante* (a series of decisions in accord on a given issue)."); *see also Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003) (citation omitted) ("The primary sources of law in Louisiana are constitutions, codes, and statutes; judicial decisions acquire the force of law only when their numerosity and uniformity are sufficient to achieve the status of *jurisprudence constante*.").

are GRANTED, and Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 29 day of December, 2010.

							ROBERT G. JAMES
							UNITED STATES DISTRICT JUDGE